NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

## VICTOR A. GLASSER, PETITIONER, v. SAMUEL BOTHWIN-ICK & SON, INCORPORATED, RESPONDENT.

Injury to Head of Employe, a Painter—Injury Caused an Aggravation of Mastoid Trouble for Which There Had Been an Operation About Fifteen Years Before, but From Which Employe Seemed to Have so Far Recovered That He Had Been Able for Several Years to Work at His Trade—Mastoid Trouble Now Considered Permanent—Temporary and Permanent Compensation Awarded.

For the petitioner, *Henry Carless*.

For the respondent, *Emile Neblo* (representing *Edwards & Smith*).

\*    \*    \*    \*    \*    \*    \*    \*

3. The said Victor A. Glasser on the 28th day of August, 1925, was in the employ of the respondent as a house painter at the wages of fifty ($50) dollars per week. On the said 28th day of August, 1925, he was working for the respondent as a painter, and was engaged in the painting of a house on Peshine avenue, Newark, New Jersey, and while so engaged a large piece of wood about one and one-half feet long, three inches wide and one and one-half inches thick fell on petitioner's head, striking him on the front of the pereital area. It caused his head to bleed. He was taken to a hospital soon after the happening of the accident, at which place the wound on his head was dressed. While he was on his way to the hospital he vomited and also that same evening when at his home. Soon after the accident his left ear commenced discharging. He had severe headaches, twitching of the left side of his face, suffered from dizziness of such a nature that he could not stand upon a scaffold or ladder or anything more than a few feet above the level, and was unable to perform any labor from August 28th, 1925, until February 26th,

1926, with the exception of seven days, upon which he was able to work during the first few weeks following the accident and injury. It appeared that about fourteen years ago the petitioner was operated upon for mastoids, and at that time had a running discharge from the left ear and a paralysis of the left side of the face. That he recovered from the operation to such an extent that for a number of years prior to August 28th, 1925, he had been able to work regularly at his occupation as a house painter.

4. It appears from the testimony that the accident and injury to the petitioner on the said 28th day of August, 1925, has aggravated the old condition for which he was operated upon as aforesaid as to produce his present condition of physical instability, headaches, nervousness, dizziness and the running or discharge from petitioner's ear, and that his present condition is a permanent one.

5. The said accident arose out of and in the course of petitioner's employment with the respondent, who had actual knowledge of the happening thereof.

6. By reason of said accident the petitioner was unable to follow his usual or any other occupation, except on seven days, from August 28th, 1925, to February 26th, 1926, being a period of twenty-six (26) weeks, for which he is entitled to compensation at the rate of seventeen ($17) dollars per week, amounting to four hundred and forty-two ($442) dollars.

7. Said accident and injury produced, in addition to said temporary disability, a permanent disability, which consists of a lessening of petitioner's ability to hear, a twitching of the facial nerves, headaches, dizziness and physical instability, and which permanent disability equals thirty (30%) per cent. of total disability, and for which he is entitled to one hundred and fifty (150) weeks' compensation at the rate of seventeen ($17) dollars per week, amounting to two thousand five hundred and fifty ($2,550) dollars.

\*     \*     \*     \*     \*     \*     \*     \*

HARRY J. GOAS,
*Deputy Commissioner.*